# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2911

_____

United States of America,         *
                                     *

        Appellee,        *

                                     *   Appeal from the United States

        v.            *   District Court for the

                                     *   Western District of Missouri.

Darryl E. Laytham,        *

                                   *   [UNPUBLISHED]

        Appellant.      *

_____

Submitted: September 20, 2006
Filed: September 25, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Darryl Laytham pleaded guilty to conspiring to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and 846, and to being a drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). At sentencing, the district court[1] calculated a Guidelines imprisonment range of 135-168 months, and sentenced Laytham to concurrent terms in prison of 135 months for the drug-conspiracy conviction and 120 months for the firearm conviction, to be followed by concurrent supervised release terms of 5 years and 3 years. For

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

reversal, Laytham argues that the district court erred in enhancing his base offense level by two levels under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon in connection with his drug offense. We disagree, and therefore we affirm Laytham's sentence.

The district court did not clearly err in imposing the enhancement. See United States v. Torres, 409 F.3d 1000, 1003 (8th Cir. 2005) (standard of review). Three firearms, one of which was a pistol, were found in Laytham's home. The firearms were loaded and accessible, and drugs and paraphernalia used in drug distribution were also found in the home. See U.S.S.G. § 2D1.1, comment n.3 (adjustment should be applied if weapon was present unless it is clearly improbable that weapon was connected with offense); United States v. Lopez, 416 F.3d 713, 716 (8th Cir. 2005) (likelihood of connection between drug offense and guns is increased by fact that gun at issue is pistol, which is type of gun recognized as particularly likely to be used in drug trade; further, loaded firearm implies probability of connection between drug offense and firearm); United States v. Betz, 82 F.3d 205, 211 (8th Cir. 1996) (weapon-possession enhancement upheld where firearms were found on premises from which drug activities were conducted).

Accordingly, we affirm.

_____